UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO BROWN,

    Petitioner,

    v.                          CAUSE NO.: 3:19-CV-761-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Mario Brown, a prisoner without a lawyer, filed an amended habeas corpus petition challenging his 2014 conviction in St. Joseph County for child molestation under cause number 71D02-1311-FA-000023. (ECF 11.) For the reasons stated below, the petition is denied as untimely.

I.     BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Mr. Brown's burden to rebut this presumption with clear and convincing evidence. *Id.* On November 15, 2013, the state charged Mr. Brown with three counts of felony child molesting. *See Brown v. State*, 119 N.E.3d 232 (Table), 2018 WL 6615867, at *1 (Ind. Ct. App. Dec. 18, 2018). He pled guilty to one of the counts in exchange for dismissal of the other two counts. *Id.* The plea agreement also provided for a maximum sentence of 35 years in prison and a waiver of his appeal rights. *Id.* The court accepted the plea and on June 18, 2014, sentenced him to 30 years in prison. (ECF 14-1 at 6.) Mr. Brown did not pursue a direct appeal. (*See id.*)

In February 2017, Mr. Brown filed a *pro se* post-conviction petition. *Brown*, 2018 WL 6615867, at *1. Following an evidentiary hearing, the petition was denied. *Id.* On appeal, Mr. Brown raised the following claims: (1) his guilty plea was not knowing and voluntary because he did not realize he would be restricted in earning credits toward his sentence under state law; (2) his trial counsel was ineffective in failing to adequately advise him that his credits would be restricted under state law; and (3) his sentence was erroneous. *Id.* at *2-3. The Indiana Court of Appeals rejected these arguments. *Id.* As to the first claim, the court found that Mr. Brown had not asserted such a claim in the trial court and it was therefore not preserved for appellate review. *Id.* at *2. As to the second claim, the court concluded that it was not supported by "cogent reasoning and citations to relevant authorities," and was thus waived, and that, notwithstanding the waiver, his claim was belied by his counsel's testimony at the post-conviction evidentiary hearing. *Id.* at *3. As to his third claim, the court concluded that "the post-conviction process is not an appropriate vehicle for freestanding sentencing challenges," and that in any event, Mr. Brown had received the sentence for which he had bargained in the plea agreement. *Id.* The court therefore affirmed the denial of post-conviction relief. *Id.* The Indiana Supreme Court denied transfer. *Brown v. State*, 127 N.E.3d 225 (Ind. 2019).

On September 11, 2019, Mr. Brown tendered his original federal petition for mailing. (ECF 1 at 6.) On November 15, 2019, the case was dismissed for failure to prosecute after Mr. Brown failed to pay the filing fee. (ECF 5.) It was reopened on April 6, 2020 (ECF 9), and on June 5, 2020, he filed the present amended petition. (ECF 11.)

Giving the petition liberal construction, he asserts the following claims: (1) his guilty plea was not knowing because he was not informed that he would have to serve 85 percent of his sentence as a credit-restricted felon under state law; (2) his trial counsel did not adequately advise him about this credit restriction; and (3) the trial court improperly imposed an aggravated sentence based on the age of the victim "when that element . . . was part of the charging information's statutory language." (ECF 11 at 3-4.) The respondent argues that the petition must be denied as untimely. (ECF 14.) Mr. Brown was granted until October 14, 2020, to file a traverse (ECF 12), but the deadline has passed and no traverse has been filed.

II.     ANALYSIS

Mr. Brown's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Brown was sentenced by the trial court on June 18, 2014, and judgment was entered on that same date. (ECF 14-1 at 6.) He did not pursue a direct appeal. His conviction became final for purposes of AEDPA when the time for filing an appeal expired 30 days after the judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing an appeal expires); IND. R. APP. P. 9(A)(1) (providing that notice of appeal must be filed no later than 30 days from the trial court's judgment). As of that date, the one-year clock began running, giving Mr. Brown until mid-July 2015 to file a timely federal petition. He did not file a federal petition by that deadline, and instead waited until September 2019 to file his original petition. (ECF 1.)

Although he filed a state post-conviction petition in February 2017, the federal deadline had already expired by that time. The Indiana Court of Appeals' decision in December 2018 affirming the denial of post-conviction relief did not restart the clock or open a new "window" for federal habeas review. *De Jesus v. Acevedo*, 567 F.3d 941, 942-

43 (7th Cir. 2009). The record reflects that he also filed two *pro se* motions in the trial court in March 2015—specifically, a motion to "Correctly Define a Sexually Violent Predator" and a motion to withdraw his guilty plea. (ECF 14-1 at 6-7.) It is doubtful that these filings could be considered an "application for State post-conviction or other collateral review" that tolled the federal deadline under 28 U.S.C. § 2244(d)(2). *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (observing that only a "properly filed postconviction action" will toll the limitations period under section 2244(d)(2)); IND. POST-CONVICTION R. 1(1)(B) (providing that a post-conviction petition is the only means available under state law "for challenging the validity of [a] conviction or sentence"). Even if they could, they were pending for only about two weeks before they were denied. (ECF 14-1 at 6-7.) Excluding those two weeks from the limitations period would not save Mr. Brown's federal petition from being untimely.[1]

Mr. Brown does not argue, nor does the court find a basis in the record to conclude, that his claims are based on newly discovered facts or a new Supreme Court case made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C)-(D). He also does not identify any state-created impediment that prevented him from filing his federal petition on time, nor is any such impediment discernible from the record. *See* 28 U.S.C. § 2244(d)(1)(B). When asked to explain why the petition was timely filed, Mr. Brown states: "It would be a fundamental miscarriage of justice if Petitioner is not

---

[1] Mr. Brown also filed a motion to compel the production of documents in state court in October 2016. (ECF 14-1 at 7.) It is unlikely this could be considered a "post-conviction action" for purposes of section 2244(d)(2). Moreover, this filing could not have tolled the limitations period because the federal deadline had already expired by the time he filed it. *See De Jesus*, 567 F.3d at 943.

allowed to seek relief in these Federal Habeas Corpus proceeding." (ECF 11 at 5.) He does not elaborate, but he appears to be invoking the "miscarriage of justice," or "actual innocence," exception.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to obtain review of his claims on the merits even though the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Thus, to raise a credible claim of actual innocence, the petitioner must have "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]" *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (observing that to establish actual innocence a petitioner "must have documentary, biological (DNA) or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim"). The petitioner must demonstrate that in light of this new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. This standard is a "demanding" one that can be met only in "extraordinary" circumstances. *House v. Bell*, 547 U.S. 518, 538 (2006).

Other than broadly invoking the exception, Mr. Brown does not point to any new evidence or even make an argument that he is factually innocent of child molestation.

His claim of actual innocence appears to be premised on the same claims raised in his petition: that he did not understand the penal consequences of his plea, that his attorney was ineffective in advising him about those penal consequences, and that the trial court made an error at sentencing. "[I]t is 'doubtful' that a petitioner's actual innocence claim and claim for relief on the merits can be the same." *Lund v. United States*, 913 F.3d 665, 668 (7th Cir. 2019) (citation omitted). Additionally, none of these three claims undermine the factual underpinnings of Mr. Brown's conviction or suggest that no reasonable juror could have found him guilty of child molestation. For these reasons, his petition is untimely under 28 U.S.C. § 2244(d) and cannot be considered on the merits.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Brown's petition is significantly untimely. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a

reason to encourage Mr. Brown to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

III.    CONCLUSION

For the reasons set forth above, the petition (ECF 11) is DENIED as untimely, and the petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED on November 23, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT